IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JACK H. LANGFORD, ET AL.,**

      Plaintiffs,

v.                              CIVIL ACTION NO. 1:19CV178
                                       (Judge Keeley)

**ANTERO RESOURCES CORPORATION,**

      Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART THE
DEFENDANT'S MOTION TO DISMISS [DKT. NO. 5] AND
GRANTING THE PLAINTIFFS LEAVE TO AMEND THE COMPLAINT**

The plaintiffs, Jack H. Langford; Linda Langford; Joy Sue Malster; William L. Malster; Joseph C. Langford; Wanda L. Langford; and June C. Berkley, Trustee of the June C. Berkley Family Trust (collectively, "the Plaintiffs"), filed this breach of contract action in August 2019 in the Circuit Court of Ritchie County, West Virginia (Dkt. No. 1-1). They allege that the defendant, Antero Resources Corporation ("Antero"), negligently, intentionally, and willfully breached certain lease agreements by directly or indirectly deducting "the cost of producing, gathering, storing, separating, treating, dehydrating, compressing, processing, transporting, and marketing the oil, gas[,] and other products produced" from the Plaintiffs' royalty payments, causing them substantial loss of income and inconvenience. Id. at 3-4. After Antero timely removed the case to this Court based on diversity jurisdiction (Dkt. No. 1), it moved to dismiss the Complaint

**LANGFORD, ET. AL. v. ANTERO                                      1:19CV178**

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART THE
DEFENDANT'S MOTION TO DISMISS [DKT. NO. 5] AND
GRANTING THE PLAINTIFFS LEAVE TO AMEND THE COMPLAINT**

---

contending that the Complaint fails (1) to adequately plead a breach of contract claim, (2) to state a claim for negligent, willful, or intentional breach of contract, and (3) to state a claim for punitive damages (Dkt. Nos. 5, 5-1).

During a hearing held on January 8, 2020 (Dkt. No. 13), the Court **GRANTED IN PART** and **DENIED IN PART** Antero's motion (Dkt. No. 5), **DISMISSED WITH PREJUDICE** the Plaintiffs' claims for negligent, intentional, and willful breach of contract and punitive damages, and **GRANTED** the Plaintiffs leave to amend their Complaint. This memorandum opinion memorializes the bases for those rulings.

### I. THE COMPLAINT[1]

In Count One, the Plaintiffs allege that, as owners of certain oil and gas interests underlying several tracts of land in Ritchie County, West Virginia, they executed an Oil and Gas Lease with the Key Oil Company in June 2011 (Dkt. No. 1-1 at 2). They further allege that Antero subsequently acquired those leasehold interests and drilled and produced oil and gas from various wells. Id. at 3. Antero allegedly breached the lease agreements by directly or

---

[1] The facts are taken from the Complaint and, as they must be, are construed in the light most favorable to the plaintiffs. See De'Lonta v. Johnson, 708 F.3d 520, 524 (4th Cir. 2013).

**LANGFORD, ET. AL. v. ANTERO                                       1:19CV178**

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART THE
DEFENDANT'S MOTION TO DISMISS [DKT. NO. 5] AND
GRANTING THE PLAINTIFFS LEAVE TO AMEND THE COMPLAINT**

indirectly deducting "the cost of producing, gathering, storing, separating, treating, dehydrating, compressing, processing, transporting, and marketing the oil, gas[,] and other products produced" (presumably) from the Plaintiffs' royalty payments, causing them substantial loss of income and inconvenience. Id. at 3-4. As a consequence of this alleged breach, the Plaintiffs seek a complete accounting, compensatory and punitive damages, prejudgment interest, and attorneys' fees. Id. at 4.

In Counts Two, Three and Four, two of the Plaintiffs, Jack H. Langford and Linda M. Langford ("the Langfords"), repeat the allegations from Count One but for different properties. Id. at 4-11. Count Three includes a 2014 lease modification. Id. at 7-9, and Count Four recites a "market enhancement" clause that prohibits the lessor from deducting certain costs from royalty payments. Id. at 9-11.

In total, the Complaint alleges four separate breach of contract claims involving various properties and agreements. Notably, however, the Plaintiffs attached none of the leases, agreements, or modifications in dispute to the Complaint.

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART THE
DEFENDANT'S MOTION TO DISMISS [DKT. NO. 5] AND
GRANTING THE PLAINTIFFS LEAVE TO AMEND THE COMPLAINT**

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move for dismissal on the grounds that a complaint does not "state a claim upon which relief can be granted." When reviewing the sufficiency of a complaint, a district court "must accept as true all of the factual allegations contained in the complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation omitted). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In order to be sufficient, "a complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" Anderson, 508 F.3d at 188 n.7 (quoting Twombly, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual

4

**LANGFORD, ET. AL. v. ANTERO                              1:19CV178**

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART THE
DEFENDANT'S MOTION TO DISMISS [DKT. NO. 5] AND
GRANTING THE PLAINTIFFS LEAVE TO AMEND THE COMPLAINT**

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992).

### III. DISCUSSION

**A.   Failure to Adequately Plead a Breach of Contract**

Antero contends that the Plaintiffs' breach of contract claims fails to state plausible claims for relief because they failed to (1) plead the necessary elements, (2) attach the leases or modifications at issue, (3) identify the amounts paid or underpaid, or (4) identify other details of the alleged contracts that would fairly put Antero on notice of the nature of the claims against it or the grounds on which such claims are based (Dkt. No. 5-1 at 4).

As this Court has previously held in KBS Preowned Vehicles, LLC v. Reviva, Inc.:

> Under West Virginia law, a prima facie breach of contract claim requires the plaintiff to allege four elements: (1) that there is a valid, enforceable contract; (2) that the plaintiff has performed under the contract; (3) that the defendant has breached or

5

**LANGFORD, ET. AL. v. ANTERO**                                      **1:19CV178**

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART THE
DEFENDANT'S MOTION TO DISMISS [DKT. NO. 5] AND
GRANTING THE PLAINTIFFS LEAVE TO AMEND THE COMPLAINT**

> violated its duties or obligations under the contract; and (4) that the plaintiff has been injured as a result.

No. 1:13cv138, 2014 WL 12591890, at *2 (N.D. W. Va. Mar. 26, 2014) (citing Dan Ryan Builders, Inc. v. Crystal Ridge Dev., Inc., No. 1:09CV161, 2013 WL 5352844, at *11 (N.D. W. Va. Sept. 24, 2013)); see also Charleston Nat'l Bank v. Sims, 70 S.E.2d 809, 813 (W. Va. 1952) (quoting Jones v. Kessler, 126 S.E. 344 (W. Va. 1925)); Exec. Risk Indem., Inc. v. Charleston Area Med. Ctr., Inc., 681 F. Supp. 2d 694, 714 (S.D. W. Va. 2009) (citing 23 Williston on Contracts § 63:1 (Richard A. Lord, ed., 4th ed. West 2009)) (same elements). Under the first element, "a plaintiff must make out a complete contract and allege a breach of its terms." Cather v. Seneca-Upshur Petroleum, Inc., No. 1:09CV139, 2010 WL 3271965, at *2 (N.D. W. Va. Aug. 18, 2010) (citing McDaniel v. Travelers Prop. Cas. Ins. Co., 121 F. Supp. 2d 508, 511 (N.D. W. Va. 2000)).

The Plaintiffs' Complaint fails to adequately identify their oil and gas interests in the subject property. It does not identify or explain the parties' obligations under the various contracts and modifications at issue, and it fails to allege how Antero even acquired its alleged interests, if any, in the subject

**LANGFORD, ET. AL. v. ANTERO**                                    **1:19CV178**

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART THE
DEFENDANT'S MOTION TO DISMISS [DKT. NO. 5] AND
GRANTING THE PLAINTIFFS LEAVE TO AMEND THE COMPLAINT**

leases (Dkt. No. 1-1). In addition, the Complaint fails to allege whether the Plaintiffs have performed their obligations under the contracts, and fails to identify the specific contract provisions Antero breached. Id.

Because the Complaint fails to adequately plead the elements of the Plaintiffs' breach of contract claims, rather than dismiss the Court will allow the Plaintiffs leave to amend their Complaint in order to plead their claims in conformance with West Virginia law.

**B.   Negligent, Willful, or Intentional Breach of Contract**

Next, Antero contends that any of the Plaintiffs' claims for negligent, willful, or intentional breach of contract must be dismissed because they are not cognizable under West Virginia law (Dkt. No. 5-1 at 8).

In West Virginia "[t]here is generally no tort liability for nonfeasance, or failing to do what one has contracted to do, in the absence of a duty to act apart from the contract." Taz Hardwoods Co., Inc. v. Westchester Fire Ins. Co., No. 2:03-CV-93, 2006 WL 8442780, at *7 (N.D. W. Va. Nov. 2, 2006) (citation omitted), report and recommendation adopted, No. 2:03-CV-93, 2007 WL 709322

**LANGFORD, ET. AL. v. ANTERO                                1:19CV178**

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART THE
DEFENDANT'S MOTION TO DISMISS [DKT. NO. 5] AND
GRANTING THE PLAINTIFFS LEAVE TO AMEND THE COMPLAINT**

(N.D. W. Va. Mar. 5, 2007) ("There is no cognizable negligent breach of contract claim in West Virginia."). Indeed, "[a] breach of contract action cannot be turned into one sounding in tort merely because the Plaintiff[s] allege[] intent or bad faith on the part of the breaching party. The theory is still contractual in nature." Snuffer v. Motorists Mut. Ins. Co., 636 F. Supp. 430, 433 (S.D. W. Va. 1986).

Here, because the Plaintiffs' claims are based solely on Antero's alleged contractual obligations, no duty separate and apart from Antero's contractual obligations exists. The Plaintiffs' tort claims therefore do not survive and are subject to dismissal with prejudice.

**C.   Gist-of-the-Action Doctrine**

The Plaintiffs' negligence and other tort claims are also barred by the gist-of-the-action doctrine, and therefore subject to dismissal on that alternate ground (Dkt. No. 5-1 at 9-10).

**D.   Punitive Damages**

Finally, the Plaintiffs may not collect punitive damages on their breach of contract claims (Dkt. No. 5-1 at 11). Under West Virginia law, it is well established that punitive damages are

**LANGFORD, ET. AL. v. ANTERO**                                    **1:19CV178**

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART THE
DEFENDANT'S MOTION TO DISMISS [DKT. NO. 5] AND
GRANTING THE PLAINTIFFS LEAVE TO AMEND THE COMPLAINT**

generally unavailable for breach of contract claims. See Berry v. Nationwide Mut. Fire Ins. Co., 381 S.E.2d 367, 374 (W. Va. 1989) ("Generally, absent an independent, intentional tort committed by the defendant, punitive damages are not available in an action for breach of contract."); Warden v. Bank of Mingo, 341 S.E.2d 679, 684 (W. Va. 1985) ("[P]unitive damages are generally unavailable in pure contract actions."); see also Games v. Chesapeake Appalachia, LLC, No. 5:17CV101, 2017 WL 5297948, at *4 (N.D. W. Va. Nov. 13, 2017) ("The plaintiffs cannot plead punitive damages as a stand-alone claim. And, even if the Court had found that there was any breach of an implied covenant of fair dealing or an implied duty to market, punitive damages are not an available remedy in an action for breach of contract." (internal citations omitted)). As the Plaintiffs' claim for punitive damages comes within the four corners of this rule of law, it is subject to dismissal with prejudice.

## IV. CONCLUSION

For the reasons discussed at the hearing on January 8, 2020, the Court:

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART THE
DEFENDANT'S MOTION TO DISMISS [DKT. NO. 5] AND
GRANTING THE PLAINTIFFS LEAVE TO AMEND THE COMPLAINT**

1) **GRANTED IN PART** and **DENIED IN PART** Antero's motion to dismiss (Dkt. No. 5);

2) **DISMISSED WITH PREJUDICE** the Plaintiffs' claims for negligent, intentional, and willful breach of contract;

3) **DISMISSED WITH PREJUDICE** the Plaintiffs' demand for punitive damages; and

4) **GRANTED** the Plaintiffs leave to amend their Complaint.

It is so **ORDERED.**

The Court directs the Clerk to transmit copies of this Memorandum Opinion and Order to counsel of record.

DATED: February 7, 2020.

>                                   /s/ Irene M. Keeley
>                                   IRENE M. KEELEY
>                                   UNITED STATES DISTRICT JUDGE